UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

                          CASE NO.00-6360-CR-DIMITROULEAS

    Plaintiff,

v.

VICTORINO LOPEZ,

    Defendant.
_____/



## DEFENDANT LOPEZ'S POSITION WITH RESPECT TO SENTENCING FACTORS

DEFENDANT, VICTORINO LOPEZ, through undersigned counsel, files this his position with respect to sentencing factors as follows:

1. Paragraphs 5 through 14 of the Pre-Sentence Investigation Report ("PSI" Report) deal with the Canon toner cartridge theft, of which Defendant has no information or knowledge, nor was Defendant involved.

2. Paragraph 16 of the PSI Report is in error. The stolen rig was not driven by Yosmany Nunez but by Juan Vergara. There was no passenger known to Lopez by the name of Victor Correa. Defendant VICTORINO LOPEZ did not off load the Clorox cargo.

3. Defendant has no knowledge of the information contained in paragraphs 17, 18, and 19 of the PSI Report.



4. Defendant has no knowledge or involvement with the Crayola crayons theft contained in paragraphs 20 through 24 of the PSI Report.

5. Defendant's relevant conduct in paragraph 25 of the PSI Report should be limited to the fair market value of the Clorox products. The government claims the value to be $37,150.00. However, the defense has not received any documentation other than a letter from Condor Transport indicating the value of the cargo to be this amount. There has been no documentation from the Clorox company indicating the value of each case of Clorox. Thus, the amount of the relevant conduct has not been proven. Moreover, the charges in the case should include the fair market value of the Clorox products and not the value of the truck and trailer.

The Indictment alleges that the Defendant, along with the co-conspirators, received and possessed goods which had been stolen from motor trucks in storage facilities. Defendant was not charged with the theft or possession of a truck or trailer. In addition, overt act 6(f) indicates the Defendant was involved in transporting a load of stolen household products and moved a load of stolen household products into a warehouse. At no time is the Defendant alleged to have stolen or had any control or dominion over a truck or trailer.

Paragraph 38 of the PSI Report should be corrected to read that Defendant Lopez was not involved in off-loading the Clorox products into the warehouse.

2

6. Paragraph 39 of the PSI Report indicates that the Defendant was involved in the Clorox shipment theft only. Defendant should be a minor participant pursuant to U.S.S.G. § 3B1.2. Defendant clearly is a minor participant as being less culpable than the person who stole the vehicle. Defendant was not involved in the planning of any of these activities.

Moreover, paragraph 32 of the PSI Report states that as to the Clorox products theft, Martinez and others, not Defendant VICTORINIO LOPEZ, on November 17, 1999, delivered the stolen Clorox products to the buyer, Francisco Ortega, at Ortega's warehouse in Miami. Lopez had no involvement in the Clorox after it was brought to the original warehouse.

VICTORINO LOPEZ was not with Yosmany Nunez when the cargo was stolen in Marion County, Florida. The amount of relevant conduct is in dispute as stated above.

Accordingly, based upon the other co-conspirators involvement and that of this Defendant, a minor role is warranted.

7. Paragraph 41 of the PSI Report reflects that there is restitution in the amount of $7,669.00. Paragraph 41, which discusses restitution, should be limited to the Defendant's portion of the case as to what the Defendant actually did. Defendant did not deliver the Clorox to anyone. It is the Defendant's understanding that the Clorox was recovered by the police so it is unknown why there is any loss.

Also, restitution should be divided among the various defendants who are responsible for the loss.

8. Defendant objects to paragraph 45 of the PSI Report as assessing the loss as $85,000.00. The loss should be more than $20,000.00 but less than $40,000.00, for an additional 6 levels.

9. Defendant objects to the fact that the offense involved more than minimal planning. The government agreed that they cannot prove that this offense involved more than minimal planning as to Lopez and thus there should be no increase pursuant to U.S.S.G. § 2B1.1(b)(4)(A).

10. Paragraph 48 of the PSI Report should recognize the Defendant's minor role adjustment as a decrease of 2 levels. It is believed that Defendant's total offense level should be 6, which is 0 to 6 months.

11. With respect to restitution, once the amount of restitution for the Clorox conspiracy is determined, the Court should apportion liability among the Defendants to reflect the level of contribution to the victim's loss and economic circumstances of this Defendant. The burden of demonstrating the amount of loss sustained by a victim as a result of the offense is on the government. Thus far, the government has not furnished any documentation to determine what, if any, restitution is appropriate.

12. The Defendant's current financial resources and his financial needs may very well change, depending on the disposition in this case. Obviously, the Defendant

has worked since he has entered the United States in 1997. The Defendant has always maintained employment. Defendant will continue to maintain employment if he is not incarcerated. It is unknown at this time what, if any, is the appropriate portion of this Defendant's restitution.

The Defendant's financial resources are demonstrated in the PSI Report.

Respectfully submitted:

SCOTT W. SAKIN, P.A.
Attorney for Defendant Victorino Lopez
1411 N.W. North River Drive
Miami, Florida 33125
Tel. No. (305) 545-0007
Fla. Bar No. 349089

By: _____
Scott W. Sakin, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to **Donald F. Chase, II, Assistant U.S. Attorney,** Office of the U.S. Attorney, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33394, and to **Paul Czekanski, U.S. Probation Officer**, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132 on this __7__ day of June, 2001.

By: _____
Scott W. Sakin, Esq.